IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 4:11-CV-108 |
| v. ) ) | COMPLAINT |
| ) ) | JURY TRIAL DEMAND |
| TIDELAND ELECTRIC MEMBERSHIP CORPORATION, ) ) ) ) | |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jeffrey Erdman ("Erdman") who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that the defendant, Tideland Electric Membership Corporation ("Defendant"), terminated Erdman from his job as an Apprentice Lineman I because of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Pantego, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Erdman filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about May 2009, Defendant engaged in an unlawful employment practices at its Pantego, North Carolina facility in violation of Sections 102(a) and (b)(1) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(1), as follows:

(a) Since at least 2002, Erdman has suffered from permanent peripheral neuropathy, a chronic pain condition that substantially limits the functioning of his neurological system.

(b) On or about February 2009, Erdman began working for Defendant in the position of Apprentice Lineman I. He was qualified to perform the duties of the job with or without an accommodation.

(c) On or about May 2009, Defendant learned that Erdman was taking a legally prescribed narcotic medication in order to manage his chronic pain condition.

(d) Upon learning that Erdman was taking a legally prescribed narcotic medication to manage his pain condition, Defendant terminated Erdman from the position of Apprentice Lineman I. Defendant refused to consider giving Erdman a reasonable amount of time to change his medication regimen so that he could continue working in the position of Apprentice Lineman I.

(e) Erdman could have performed the essential functions of the Apprentice Lineman I position if Defendant had allowed him a reasonable amount of time to change his medication regimen.

(f) By refusing to give Erdman a reasonable amount of time to change his medication regimen, Defendant failed to provide Erdman with a reasonable accommodation and discharged him in violation of the ADA.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Erdman of equal employment opportunities and otherwise adversely affect his employment status because of his disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Erdman.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals because their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Erdman, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole Erdman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant to make whole Erdman by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Erdman punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 23rd day of June, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

TINA BURNSIDE
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C.  28202

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C.  28202

/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
NC Bar No. 36393
Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608
Phone:  (919) 856-4148
Fax:     (919) 856-4156
katherine.zimmerman@eeoc.gov

ATTORNEYS FOR PLAINTIFF